IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Calvin Merritte, )<br>      Petitioner, )<br>)<br>v. )<br>)<br>Christine Brannon, Warden, )<br>      Respondent.[1] ) | No. 14 C 7345<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Petitioner's motion for relief under 28 U.S.C. § 2254 [70] is denied. The Court declines to issue a certificate of appealability. All other pending motions are denied as moot. Civil case terminated.

## STATEMENT

### I.  Background

The following facts are taken directly from the Illinois Appellate Court's order on Petitioner's first postconviction petition**.** In April 2008, Petitioner was charged with one count of criminal drug conspiracy and five counts of possession of a controlled substance with intent to deliver. The indictment for conspiracy alleged that Petitioner Calvin Merritte, Clarence Merritte (Petitioner's brother), Paul Forbes (Petitioner's stepbrother), and Joy Forbes (Petitioner's mother), were part of a group called "Da Hittaz," which (1) agreed to commit unlawful possession of controlled substances containing heroin and/or cocaine; (2) engaged in the distribution of cocaine and heroin in LaSalle County; and (3) used females, a/k/a "trappers," to transport and distribute heroin and cocaine from Chicago to LaSalle County. According to the indictment, Petitioner "organized, directed, managed, controlled and supervised a heroin and cocaine distribution operation that sold heroin and cocaine in LaSalle County." (*People v. Merritte*, No. 3-11-0640, 2013 IL App (3d) 110640-U, ¶ 3 (Ill. App. Ct. June 10, 2013), Resp't's Ex. G, Dkt. # 52-7.)

At a bench trial, at least nine individuals testified about drug transactions with Petitioner and their knowledge of Da Hittaz' involvement in selling heroin and crack cocaine. In addition, Officer James Girton testified about a search of Forbes' home in December 2007 and several statements that Forbes made at the time, including that Da Hittaz sold drugs, Petitioner led the group, and they made money from "selling drugs in Ottawa." The police found plastic baggies

---

[1]  The Court has substituted the name of the current warden at Hill Correctional Center as required by Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

and a digital scale with drug residue in a bedroom that, according to Forbes, Petitioner used when he visited. Petitioner did not object to Officer Girton's testimony recounting Forbes' statements.

After the trial, Petitioner was found guilty of criminal drug conspiracy and unlawful possession of a controlled substance with intent to deliver. He was sentenced to 20 years' imprisonment on the criminal drug conspiracy conviction; the trial court did not sentence Petitioner on the drug-possession convictions. Petitioner appealed, arguing only that his four convictions for unlawful possession of a controlled substance with intent to deliver violated the one-act, one-crime principle. The Illinois Appellate Court affirmed his conviction in a summary unpublished order. (*People v. Merritte*, No. 3-08-677 (Ill. App. Ct. 2010), Resp't's Ex. C, Dkt. # 52-3.) Petitioner did not file a petition for leave to appeal (PLA) in the Illinois Supreme Court. (§ 2254 Pet., Dkt. # 1, at 2.)

Petitioner then filed a pro se motion for postconviction relief, alleging ineffective assistance of trial and appellate counsel.[2] In particular, Petitioner claimed that trial counsel was ineffective for failing to object to Officer Girton's testimony detailing Forbes' statement regarding Petitioner's involvement in Da Hittaz, and that appellate counsel was ineffective for failing to raise on appeal (1) the evidentiary issue and (2) ineffective assistance of trial counsel for not objecting to Officer Girton's testimony. The trial court dismissed Petitioner's postconviction petition as frivolous and patently without merit. The Illinois Appellate Court affirmed the dismissal, stating that it is presumed that the trial judge did not consider Officer Girton's testimony about what Forbes told him because it constituted inadmissible hearsay, and that even assuming trial counsel should have objected to Officer Girton's testimony, Petitioner failed to arguably establish prejudice "because Girton's testimony was merely cumulative of admissible testimony."[3] (*People v. Merritte,* No. 3-11-0640, 2013 IL App (3d) 110640-U, ¶¶ 2, 29-32 (Ill. App. Ct. June 10, 2013), Resp's Ex. G, Dkt. #52-7.) In September 2013, the Illinois Supreme Court denied petitioner's PLA raising the same two claims. (Resp't's Ex. H, Dkt. # 52-8.)

On April 8, 2013, Petitioner filed a motion for leave to file a successive postconviction petition, arguing that he was actually innocent and attaching affidavits from several coconspirators, attesting that Petitioner had no involvement in their drug crimes, which were alleged to have been made in furtherance of the conspiracy. Petitioner subsequently filed a motion to supplement his motion for leave to file a successive petition, arguing several grounds of ineffective assistance of counsel. The trial court denied both the motion to supplement and motion for leave to file a successive postconviction petition. Defendant then filed multiple motions to reconsider, a motion for recusal, and a petition for relief from judgment under 735

---

[2] The recitation of the procedural posture of the case from this point forward is taken primarily from *People v. Merritte*, No. 3-15-0677, 2016 IL App (3d) 150677-U (Ill. App. Ct. Nov. 1, 2016), which is located at docket entry 62-6.

[3] "[T]o survive summary dismissal [of a postconviction petition], defendant is only required to set forth an arguable claim of ineffective assistance of counsel." *People v. Davis*, 2020 IL App (1st) 162763-U, 2020 WL 5844982, ¶ 26 (Ill. App. Ct. Sept. 30, 2020).

2

ILCS 5/2-1401.  On April 4, 2014, the trial court denied all of Petitioner's pending motions, including his motion pursuant to § 2-1401.

Petitioner filed an appeal of the court's denial of his motion for leave to file a successive postconviction petition, contending that the coconspirator affidavits he had attached to his motion presented a colorable claim of actual innocence.  The Illinois Appellate Court affirmed the denial of Petitioner's motion for leave to file a successive petition, finding that the new evidence presented by Petitioner "was not of such a conclusive character that it would likely change the outcome."  (*People v. Merritte*, Nos. 3-14-0314 and 3-14-0336, 2016 IL App (3d) 140314-U, ¶ 51, Resp't's Ex. M, Dkt. # 52-13.)

While that appeal was pending, Petitioner filed a new petition for relief under § 2-1401, arguing that he was entitled to a new trial based on the following newly-discovered evidence: (1) a lab report listing another individual as a suspect; and (2) a statement taken by the LaSalle County State's Attorney's office of an individual named Nicole Cisneros regarding her ownership of a certain stash of heroin.  Petitioner also referenced the trial evidence and the aforementioned affidavits and argued that the correctional officer had lied at the sentencing hearing about Petitioner having bitten him.  On May 18, 2015, Petitioner filed a "supplemental" petition to vacate judgment under § 2-1401, arguing that the trial court lacked jurisdiction to consider the criminal information filed in his case.  On September 4, 2015, the trial court entered an order denying Petitioner's new motion for relief under section § 2-1401, noting that several of the issues had already been addressed in Petitioner's initial section § 2-1401 motion, and that the "new" evidence (the lab report and the State's Attorney's statement) could have been included in Petitioner's first § 2-1401 motion because they were in existence at the time he filed it.  The Illinois Appellate Court affirmed the denial, noting that Cisneros's statement and the lab report were generated in 2007 and thus could have been discovered prior to trial.  (*People v. Merritte*, No. 3-15-0677, 2016 IL App (3d) 150677-U, ¶ 47 (Ill. App. Ct. Nov. 1, 2016), Resp't's Ex. Y, Dkt. # 62-6.)  Further, after analyzing the lab report and the statement in the context of the evidence presented at trial, the appellate court concluded that the evidence would not have affected the outcome of the trial.  (*Id*. ¶¶ 49-50.)  Finally, the appellate court noted that Petitioner's claim regarding the sufficiency of the evidence was barred by res judicata because the claim could have been raised on direct appeal and reiterated that the appellate court had already concluded that the affidavits relied upon by Petitioner as exculpatory would not have altered the outcome of the trial.  (*Id*. ¶ 51.)

Petitioner filed his original § 2254 petition on September 19, 2014.  This Court stayed the proceeding and instructed Petitioner to alert the Court "within 10 days of receiving notification from the Illinois Appellate Court regarding the resolution of his appeal [of the denial of his motion for leave to file a successive postconviction petition]."  Those proceedings concluded in September 2016, but Petitioner did not ask that the stay be lifted until December 2018.  In the interim, Petitioner unsuccessfully pursued another § 2-1401 petition in the Illinois courts.

On May 3, 2019, with leave of court, Petitioner filed an amended petition, which was timely because the claims in the initial and first amended petitions were "tied to a common core of operative facts," *Mayle v. Felix*, 545 U.S. 644, 664 (2005), asserting the following claims:

3

1. the evidence was insufficient to convict him;

2. he is actually innocent;

3. trial counsel was ineffective for:

   (a) not objecting to (i) Officer Girton's testimony about Forbes' hearsay statements, and (ii) improper opinion testimony from lay witnesses; (b) not raising a vindictive prosecution claim; and (c) not raising a pre-indictment delay claim;

4. appellate counsel was ineffective for not raising those evidentiary challenges, a vindictive prosecution claim, a pre-indictment delay claim, or trial counsel's ineffectiveness pertaining to those issues; and

5. the trial judge deprived petitioner of due process by failing to recuse himself.

After respondent answered and Petitioner filed a reply, Petitioner moved for leave to amend. On November 5, 2019, Petitioner filed a second amended and supplemented petition. The second amended and supplemented petition omits claim 5, which was the alleged deprivation of due process due to the trial judge's failure to recuse, so the Court does not address it. The second amended and supplemented petition also includes additional grounds for ineffective assistance of trial counsel, including that trial counsel was ineffective for (d) operating under a financial conflict of interest, (e) giving erroneous plea advice, and (f) not investigating a witness's recantation of her post-trial affidavit; and that (g) these errors cumulatively deprived petitioner of effective assistance of counsel. Finally, the amended petition appears to add a new actual-innocence claim (number 6) that the State violated due process by knowingly using false evidence.

## II. Analysis

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). A federal habeas court cannot grant relief unless the state court's adjudication of a federal claim on the merits: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254(d). "Deciding whether a state court's decision 'involved' an unreasonable application of federal law or 'was based on' an unreasonable determination of fact requires the federal habeas court to train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims, and to give appropriate deference to that decision[.]" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191-92 (2018) (citation and quotation marks omitted).

A. <u>Claims 1, 2, and 6 are procedurally defaulted.</u>

A petitioner may procedurally default a claim in two ways. First, a habeas petitioner may not raise a federal claim that he has not exhausted in state court. *Schmidt v. Foster*, 911 F.3d 469, 486 (7th Cir. 2018) (citing 28 U.S.C. § 2254(b)(1)(A)). This means that a petitioner "must assert his federal claim through one complete round of state court review, either on direct review or in post-conviction proceedings." *McGhee v. Watson*, 900 F.3d 849, 854 (7th Cir. 2018) (internal quotation marks omitted). Second, the adequate and independent state-ground doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).

"Procedural default may be excused . . . where the petitioner demonstrates either (1) 'cause for the default and actual prejudice' or (2) 'that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Antoine v. Pfister*, No. 16 C 9568, 2020 WL 5630423, at *13 (N.D. Ill. Sept. 21, 2020) (citations omitted). "Cause for default ordinarily is some type of external impediment that kept the petitioner from presenting his claim." *Id.* (internal quotation marks and citation omitted). "The 'prejudice' requirement calls for a 'showing that the violation of the petitioner's federal rights worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* (internal quotation marks and citation omitted).

Claim 1, insufficiency of the evidence, was procedurally defaulted because Petitioner failed to raise it on direct appeal. Petitioner claims the default is excused because, despite asking appellate counsel to raise the issue on direct appeal, counsel failed to do so. But Petitioner did not separately exhaust this argument through one complete round of state court review; thus, it cannot serve as cause. *Smith v. Gaetz*, 565 F.3d 346, 352 (7th Cir. 2009) ("'[T]he assertion of ineffective assistance as a cause to excuse procedural default in a § 2254 petition, is, itself, a constitutional claim that must have been raised before the state court or be procedurally defaulted.'") (citation omitted).[4] Petitioner also contends that it would have been futile to raise the insufficiency-of-the-evidence argument in his postconviction petition because it would have been heard by the trial judge, who would have ruled against him. But, "the pertinent question is not whether the state court would be inclined to rule in the petitioner's favor, but whether there is

---

[4] Petitioner asserts that when his appointed appellate counsel refused to raise sufficiency of the evidence on direct appeal, he requested that a new lawyer be appointed, which the appellate court denied. According to Petitioner, appellate counsel and the appellate court "interfered with" his ability to raise the insufficiency-of-the-evidence issue on direct appeal and made "compliance with the exhaustion requirement on direct review impossible and impractical." (Pet'r's Reply, Dkt. # 2, at 2.) Thus, Petitioner argues, the cause prong is satisfied. But, as Petitioner notes, he hired private counsel, who also failed to raise the sufficiency-of-the-evidence claim, and Petitioner did not exhaust his claim for ineffective assistance of counsel for failing to raise insufficiency of the evidence on direct appeal. Petitioner has thus not demonstrated cause for procedurally defaulting the insufficiency-of-the-evidence claim.

any available state procedure for determining the merits of petitioner's claim." *Spreitzer v. Schomig,* 219 F.3d 639, 647 (7th Cir. 2000) (quoting *White v. Peters,* 990 F.2d 338, 342 (7th Cir. 1993)). Here, there was such a procedure, as demonstrated by the fact that when Petitioner raised the insufficiency-of-the-evidence claim in his request to file a second § 2-1401 petition, the appellate court held that the claim was "barred by the doctrine of res judicata, as [it] could have been raised on direct appeal," (*People v. Merritte*, No. 3-15-0677, 2016 IL App (3d) 150677-U, ¶ 51 (Ill. App. Ct. Nov. 1, 2016), Resp't's Ex. Y, Dkt. # 62-6), thus providing an independent and adequate state-law ground precluding its review here. *See Sturgeon v. Chandler*, 552 F.3d 604, 611 (7th Cir. 2009). Finally, to the extent Petitioner relies on postconviction counsel's deficient performance as cause (he says he does not), postconviction counsel's performance cannot constitute cause. *See Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017) (postconviction counsel's ineffective assistance cannot be cause for claim that appellate counsel was ineffective).

Petitioner also asserts that cause exists for his procedural default because prison officials "impeded his ability" to amend his first postconviction petition to raise all grounds supporting his ineffective-assistance-of-counsel claim. (2d Am. Pet., Dkt. # 70, at 49.) Petitioner, however, fails to provide any details supporting this contention; thus, it is waived.

As to Claims 2 (actual innocence) and 6 (actual innocence based on the state's alleged presentation of false evidence), Petitioner included these in his proposed successive petition for postconviction relief and pursued them on appeal. Those claims are procedurally defaulted, however, because the state court denied leave to file the successive petition, which constitutes an independent and adequate state-law procedural ground, precluding its use as cause excusing procedural default. *See Thomas v. Williams*, 822 F.3d 378, 384-85 (7th Cir. 2016).

> B. <u>Ineffective-assistance-of-counsel claims are procedurally defaulted, untimely, or lack merit.</u>

With respect to the ineffective assistance of counsel assertions in Claims 3 and 4, Petitioner exhausted only his allegations that trial counsel was ineffective for failing to object to Officer Girton's testimony and that appellate counsel was ineffective for failing to challenge admission of that testimony and for failing to raise trial counsel's failure to object to it. The other grounds for ineffective assistance of counsel are defaulted because Petitioner did not assert in his brief on appeal of his postconviction petition that trial or appellate counsel was ineffective on any other ground.[5] Although Petitioner attempted to raise in his successive petition for

---

[5] In any event, the new grounds for ineffective assistance of counsel raised in Petitioner's second amended and supplemented petition (operating under a financial conflict of interest, giving erroneous plea advice, and not investigating a witness' recantation of her post-trial affidavit) do not relate back to the original petition and are therefore barred as untimely. *Steele v. Lemke*, No. 12 C 8303, 2014 WL 148742, at *4 (N.D. Ill. Jan. 14, 2014) ("New claims in an amended § 2254 petition relate back to the date of the original pleading if 'the original and amended petitions state new claims that are tied to a common core of operative facts.'") (citation omitted). "A claim in an amended petition does not relate back 'when it asserts a new ground for

postconviction relief an argument that counsel was ineffective for failing to object to certain testimony, the state court refused to allow him to raise it, so the claim is procedurally defaulted.

As for Petitioner's assertion that his procedural defaults should be excused because it would result in a fundamental miscarriage of justice (i.e., he is "actually innocent"), the Seventh Circuit has stated as follows:

> To pass through the actual-innocence gateway to a merits review of a procedurally barred claim, the petitioner must have 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'

*Jones v. Calloway*, 842 F.3d 454, 461 (7th Cir. 2016) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "That new evidence must be sufficient to show that it is 'more likely than not' that the original finding would have been different in light of that new evidence." *Adamczyk v. Sullivan*, No. 18 CV 1858, 2020 WL 1529969, at *4 (N.D. Ill. Mar. 30, 2020). The Court assumes that Petitioner is relying on the new evidence he presented to the state court on his various motions for postconviction relief, including the coconspirator affidavits, the lab report, and Cisneros' statement. The Court agrees with the state courts that reviewed the same pieces of evidence that they do not establish that it is more likely than not that the original result of the trial would have been different had the evidence been presented at trial.[6] Therefore, Petitioner's reliance on the actual-innocence exception to procedural default is unavailing. To the extent that Petitioner claims he is entitled to habeas relief because he is actually innocent, the claim fails because "[t]he Supreme Court has not recognized a petitioner's right to habeas relief based on a stand-alone claim of actual innocence." *Gladney v. Pollard*, 799 F.3d 889, 895 (7th Cir. 2015).

With respect to the ineffective assistance of counsel claims that Petitioner exhausted (that trial counsel should have objected to Forbes' testimony, and that appellate counsel was ineffective for not challenging the admission of the evidence on appeal and raising ineffective assistance of trial counsel for failure to object to her testimony), Petitioner has not demonstrated

---

relief supported by facts that differ in both time and type from those the original pleading set forth.'" *Id.* (citation omitted).

[6] As noted by the Illinois Appellate Court in affirming the denial of Petitioner's request seeking leave to file a successive postconviction petition:

> [D]efendant argues that the [affidavits] present[] a contradicting version of events—where defendant was not involved in the criminal acts—which would cause the fact finder to reconsider its determination of guilt. However, the affidavits and statements in support of this opposing perspective carry little weight when contrasted with the testimonial evidence and the video recording that connect defendant to the criminal drug conspiracy.

(*People v. Merritte*, Nos. 3-14-0314 and 3-14-0336, 2016 IL App (3d) 140314-U, ¶ 55 (Ill. App. Ct. Mar. 25, 2016), Def.'s Ex. M, Dkt. # 53-13.)

7

that he is entitled to relief. As noted above, the Illinois Appellate Court concluded that even if the trial court had considered Forbes' testimony against Petitioner, counsel's failure to object was not prejudicial because Forbes' statements were cumulative of at least "seven [other] witnesses . . . [who] also testified that petitioner was a member or leader of 'Da Hittaz,' earned his money from selling drugs, and/or had no legitimate job." (*People v. Merritte,* No. 3-11-0640, 2013 IL App (3d) 110640-U, ¶ 30 (Ill. App. Ct. June 10, 2013), Resp't's Ex. G, Dkt. # 52-7.) The state court's decision was not contrary to nor did it involve an unreasonable application of the well-known *Strickland v. Washington* ineffective-assistance-of-counsel standard. 466 U.S. 668, 687 (1984) (an individual seeking relief based on ineffective assistance of counsel "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense"). The appellate court also held that because trial counsel's performance was not ineffective, appellate counsel's failure to raise the issues on appeal did not constitute ineffective assistance of counsel, which was not an unreasonable application of or contrary to *Strickland*.

**III. Conclusion**

For the reasons stated above, Petitioner's second amended and supplemented § 2254 petition is denied. Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Because Petitioner has failed to make such a showing, the Court declines to issue a certificate of appealability.

**Date**: October 28, 2020

**Ronald A. Guzmàn**
**United States District Judge**